Case No. SA CV 18-0709-DOC (PJWx)                                    Date: May 8, 2018

Title: TUSTIN GATEWAY, L.P. V. MAKI-ZUSHI, INC. ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION [6] [7] [11]**

On March 30, 2018, Plaintiff Tustin Gateway, L.P. filed a Motion to Remand (Dkt. 6) and Ex Parte Application to Shorten Time on Motion to Remand (Dkt. 7). On May 2, 2018, the Court ordered Defendant Sung Kim ("Kim") to show cause in writing, on or before May 7, 2018, why the Court should not remand this case for lack of subject matter jurisdiction. *See* OSC Order (Dkt. 11). No response was filed.

The Complaint (Dkt. 1) is an unlawful detainer action for non-payment of rent. *See* Motion to Remand at 7. In Defendant Kim's Notice of Removal (Dkt. 1), Kim contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1441(a) (removal jurisdiction), in that the case arises under "U.S.C.§362" [sic] (it is unclear what this refers to) and under 15 U.S.C. § 1667 (containing the definitions of certain words for a federal statute addressing consumer leases). *See* Notice of Removal ¶ 3. Kim also states that "Defendant has also filed bankruptcy in the United States Bankruptcy Court, Central District." *Id.* None of these explanations provide a basis for federal subject matter jurisdiction, and Defendant has not responded to the Order to Show Cause.

In addition, 28 U.S.C. § 1446 provides, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Here, the Complaint was filed on October 10, 2017, and Kim received a copy on October 12, 2017, but the Notice of Removal was filed on April 25, 2018, more than 30 days after Kim received the Complaint. *See* Notice of Removal. No explanation is offered by Kim as to the lack of compliance with the 30 day requirement.

A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Accordingly, due to a lack of subject matter jurisdiction and a failure to file the notice of removal within 30 days, the Court REMANDS this case to the Superior Court of California, County of Orange.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: djl
CIVIL-GEN